UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| SHAWN ALAN DUFFY, | ) | CIV. 12-4192-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING IFP AND |
| | ) | DISMISSING CASE |
| DEPARTMENT OF CORRECTIONS | ) | |
| MENTAL HEALTH SERVICES; | ) | |
| STATE PRISON "JAMESON" | ) | |
| MENTAL HEALTH; and | ) | |
| DR. DAVIS, MD, in his official | ) | |
| and individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Shawn Duffy, seeks relief pursuant to 42 U.S.C. § 1983. Duffy alleges defendants have demonstrated deliberate indifference to his serious medical needs. Duffy asserts he was previously prescribed medication to control his narcolepsy and chronic social anxiety, but this medication was discontinued by Dr. Davis upon Duffy's entry into the state penal system. Duffy contends Dr. Davis's failure to continue the medication is a violation of his constitutional rights.

Under 28 U.S.C. § 1915A(a), the court is required to screen all prisoner cases. A case may be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).

Here, Duffy wishes to pursue a claim under the Eighth Amendment. "It is well established that '[d]eliberate indifference to a prisoner's serious medical needs is cruel and unusual punishment in violation of the Eighth Amendment.'" *Langford v. Norris*, 614 F.3d 445, 459 (8th Cir. 2010) (quoting *Gordon ex rel. Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006)). To demonstrate a violation, Duffy must show that he had an objectively serious medical need that was known to prison officials but was deliberately disregarded by the prison officials. *See Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)). " 'The prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.' " *Jolly*, 205 F.3d at 1096 (quoting *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)).

In his complaint, Duffy alleges that he is under the care of Dr. Davis and that Dr. Davis has chosen a different course of treatment. He states "I No without This medication it is just a matter of time I have a severe panic Attack and I will be hospitalized." Docket 4. The supplement also demonstrates, however, that he is being monitored by medical professionals and is currently prescribed medication for the treatment of his conditions. "Prisoners do not have a constitutional right to any particular type of treatment." *Long v. Nix,* 86 F.3d 761, 765 (8th Cir. 1996). The Supreme Court has held that a complaint

must present "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Duffy's complaint and supplement allege a difference of opinion as to treatment and, at most, negligence, neither of which are actionable under § 1983. As a result, the court finds Duffy has failed to state sufficient facts to present a plausible claim.

Duffy also moves the court for leave to proceed in forma pauperis. His prisoner trust account report indicates that his current balance equals negative $118.43. His average monthly deposit equals $0 and his average monthly balance equals negative $37.64. Under the Prison Litigation Reform Act, plaintiff must pay 20 percent of the greater of the average monthly deposits to his prisoner account or the average monthly balance of the account. *See* 28 U.S.C. § 1915(b)(1). Thus, plaintiff owes an initial partial filing fee of $0 (20 percent of $0). Accordingly, it is

ORDERED that plaintiff's complaint (Docket 1) is dismissed for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED that plaintiff's motion to proceed in forma pauperis (Docket 2) is granted.

IT IS FURTHER ORDERED that the institution having custody of the plaintiff is directed that whenever the amount in plaintiff's trust account exceeds $10, monthly payments that equal 20 percent of the funds credited the preceding month to the plaintiff's trust account will be forwarded to the U.S.

District Court Clerk's Office pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee is paid in full.

IT IS FURTHER ORDERED that plaintiff remains obligated to pay the filing fee in its entirety regardless of the disposition of this action.

Dated January 2, 2013.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE